IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SUSANNE BECKER, | § | |
| Plaintiff, | § § § | |
| v. | § | 2:22-CV-049-Z |
| JAMES THOMAS HURD, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Susanne Becker's ("Plaintiff") Complaint against Defendant James Thomas Hurd ("Defendant") ("Complaint") (ECF No. 3). Having considered the Complaint and relevant law, the Court **DENIES** the Motion and **DISMISSES** this case.

Before finding "who was right or who was wrong" in a case, a district court should determine whether the claims before it are of such a "trifling" nature to warrant a quick dispatch of the matter. *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257 (5th Cir. 1981). The Court recognizes "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Id.* Further, federal courts lack federal-question jurisdiction in cases where allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the district court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–67 (1974).

Plaintiff sued Defendant alleging Defendant is an immigrant alien practicing polygamy in violation of 22 C.F.R. § 40.101. ECF No. 3 at 1. Plaintiff asks "Batman" to "[r]iddle [her] this":

"Only, immigrant can practice polygamy. Ttttthen how can na American have two pending divorce cases and never close them?" *Id.* Plaintiff's Complaint presents no claim within this Court's jurisdiction. Therefore, in the interest of judicial economy, the Court **DENIES** Plaintiff's Motion and **DISMISSES** this case.

**SO ORDERED**.

April 21, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE